THE STATE OF MONTANA UPON THE RELATION OF DUNCAN PEDER McKENZIE, JR., PETITIONER, *v.* THE DISTRICT COURT OF THE STATE OF MONTANA, IN AND FOR THE COUNTY OF CASCADE AND THE HON. H. WILLIAM CODER, JUDGE THEREOF, RESPONDENT.

No. 13742.
March 14, 1977.
560 P.2d 909.

ORDER

PER CURIAM:

Defendant DUNCAN PEDER McKENZIE has petitioned this Court for a Writ of Supervisory Control or other relief, the thrust of which seeks to vacate or stay an order of execution until defendant can file his petition with the United States Supreme Court for a Writ of Certiorari and apply for an appropriate stay order in that Court.

On the basis of its supervisory control over all courts of the State of Montana, this Court finds and orders:

(1) The defendant was charged with the crime of deliberate homicide and aggravated kidnapping in Pondera County, Montana, which comprises part of the Ninth Judicial District, over which Judge Ronald D. McPhillips presides. Judge McPhillips was disqualified and he then called in Judge Robert J. Nelson, of the Eighth Judicial District to assume jurisdiction of the case.

(2) Judge Nelson moved the cause to Cascade County for purposes of trial, for the reason that he determined that defendant could not have a fair trial in Pondera County. Judge Nelson was not limited to moving the trial to Cascade County, he could have moved it to any county in the State of Montana if he thought it appropriate. Section 95-1710, R.C.M.1947.

(3) Thereafter defendant was found guilty of deliberate homicide and aggravated kidnapping, and Judge Nelson imposed the death penalty, and set defendant's execution date for April 30, 1975. Execution was stayed pending an appeal to this Court by Judge R. J. Nelson.

(4) The judgment and sentence were affirmed by this Court on November 12, 1976, the petition for rehearing was denied on January 10, 1977, and remittitur then issued to Cascade County.

(5) After remittitur to the district court in Cascade County, a hiatus was created in that the sentencing judge no longer was in office as he decided not to run for another term of office, and his term ended on January 2, 1977. Judge H. William Coder succeeded Judge Nelson as a judge in the Eighth Judicial District on January 3, 1977.

(6) On February 23, 1977, Judge Coder issued an order ex parte and without notice resetting the execution date on the basis of the sentence previously pronounced by Judge Nelson. It is from this order that defendant comes to this Court asking for a Writ of Supervisory Control or other relief to stay the date set for execution. The execution date was set for March 31, 1977, and defendant tells this Court that he cannot get his papers to the United States Supreme Court until April 9, 1977.

THEREFORE, in the exercise of its power of supervisory control this Court ORDERS:

1. The order and execution date of February 23, 1977, setting execution for March 31, 1977, is hereby vacated;

2. This cause is returned to Judge Ronald McPhillips, the original presiding judge in Pondera County;

3. Within 4 days of the receipt of this order Judge McPhillips is ordered to call in another district judge to continue with jurisdiction of this cause in the district court. In this respect defendant advised this Court that he has no objection to Judge H. William Coder being asked to assume this jurisdiction;

4. Upon assumption of jurisdiction, the district court is to give written notice to defendant and his counsel, and to the county attorney of Pondera County and the Attorney General of the State of Montana, of a date and time for the resetting of an execution date. Defendant must be personally present in court with counsel when such new execution date is set.

IT IS SO ORDERED.